IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN MURPHY, # M04196, | ) |
| | ) |
|           Plaintiff, | ) |
|   vs. | )   Case No. 24-cv-00107-RJD |
| | ) |
| LATOYA HUGHES, | ) |
| JON LOFTUS, and | ) |
| ANTHONY WILLS, | ) |
| | ) |
|           Defendants. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Steven Murphy, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts that Defendants denied him protective custody, after which he was attacked by another inmate and sustained injuries. (Doc. 1). Plaintiff seeks monetary damages. *Id.*

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff made

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 5), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

requests to be placed in Protective Custody ("PC") dating back to August 2021, because he believed his life was in danger. (Doc. 1, pp. 9, 26). Defendants Wills (Menard Warden), Hughes (Acting IDOC Director) and Loftus (Administrative Review Board) refused to grant the PC requests, due to "staff retaliation" for Plaintiff's litigation and grievance activity, and due to negligence on their parts. (Doc. 1, p. 9).

On or about September 22, 2023, Plaintiff was being moved to the PC "kick-out/denial yard," when he was attacked by another inmate who had also been denied PC. (Doc. 1, pp. 9, 35). Plaintiff sustained a broken thumb that required surgery, as well as a swollen eye and busted lip. After the fight, Plaintiff was maced and sent to segregation, where he was not given any medical treatment for four days, despite submitting multiple medical request slips and asking for a crisis team.

Plaintiff eventually had surgery for the left thumb fracture; he now has a plate and screws in his thumb, a large scar, some loss of mobility, and "constant aching pain" from the surgery. He sues each Defendant in their personal and official capacities. (Doc. 1, p. 10).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 1: | Eighth Amendment failure to protect claim against Hughes, Loftus, and Wills, for denying Plaintiff's request to be housed in Protective Custody. |
| Count 2: | State law negligence claim against Hughes, Loftus, and Wills, for denying Plaintiff's request to be housed in Protective Custody. |
| Count 3: | First Amendment retaliation claim against Hughes, Loftus, and Wills, for denying Plaintiff's PC request because he filed lawsuits and grievances against them and against other IDOC staff members. |
| Count 4: | Eighth Amendment deliberate indifference claim against Hughes, Loftus, and Wills, for delaying medical attention for Plaintiff's injuries sustained in the September 22, 2023 attack. |

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

## Discussion

### Count 1

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). To state an Eighth Amendment claim for failure to protect, a plaintiff must plead facts suggesting he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. Typically, the plaintiff must show that he complained to prison officials about a specific and credible danger to his safety. *See Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010); *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

The Complaint does not disclose any details about what reasons Plaintiff gave Defendants for why he requested PC placement, or whether Plaintiff alerted them that the inmate who ultimately attacked him posed a danger to his safety. Nonetheless, at this early stage, Plaintiff's allegations in Count 1 are sufficient to proceed against Hughes, Loftus, and Wills, each of whom concurred in the decision to reject his PC request. (Doc. 1, p. 26).

### Count 2

Plaintiff asserts that Defendants' denial of his PC request amounted to negligence as well as a constitutional violation. Under Illinois law, a complaint may state a claim for negligence if

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

3

the plaintiff alleges facts showing that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)). Plaintiff's negligence claim is based on the same facts that support the Eighth Amendment claim in Count 1. Therefore, the Court has supplemental jurisdiction to consider the claim of negligence. *See* 28 U.S.C. § 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (state claims must "derive from a common nucleus of operative fact" with the federal claims). Count 2 may also proceed against Hughes, Loftus, and Wills.

**Count 3**

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). The issue in a retaliation claim is whether the plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *See McKinley v. Schoenbeck*, 731 F. App'x 511, 515 (7th Cir. 2018) (quoting *Surita v. Hyde*, 665 F.3d 860, 878-79 (7th Cir. 2011)); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

Here, Plaintiff makes only a vague allegation that Defendants' denial of his PC request was based on "staff retaliation for [Plaintiff] filing grievances and civil suits against defendants and other [IDOC] staff members[.]" (Doc. 1, p. 9). Plaintiff does not point to any specific lawsuit or complaint he filed against Hughes, Wills, or Loftus, or any other IDOC staff, that might have

4

triggered the decision to deny PC placement. The Complaint does not present a chronology of events to support an inference that Defendants were motivated by retaliation when they denied Plaintiff's PC request. Accordingly, Count 3 will be dismissed for failure to state a claim upon which relief may be granted.

### Count 4

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

The four-day delay in providing medical attention for Plaintiff's broken thumb and other injuries could amount to deliberate indifference. These injuries appear to qualify as serious medical conditions. However, Plaintiff fails to set forth any facts indicating that Wills, Hughes, or Loftus were aware of his injuries or were personally responsible for the delay. "[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). The doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. Therefore, Count 4 will be dismissed for failure to state a claim.

### Official Capacity Claims

Plaintiff raises claims against each defendant in his or her individual and official capacities.

However, claims for monetary damages may only be pursued against state officials in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against the individual defendants are dismissed without prejudice.

## **Pending Motions**

Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). In determining whether to recruit counsel, the Court considers whether the *pro se* party has made reasonable efforts to secure counsel on his own and his ability to litigate the case on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Here, Plaintiff has not established any efforts made to obtain counsel on his own. He states he has written to multiple attorneys, but he does not attach any correspondence to his motion. Moreover, at this early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel, so recruitment of counsel would be premature. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel...cannot be gauged.").

Should Plaintiff encounter difficulties in self-representation as this case proceeds, he may refile his motion seeking recruitment of counsel. If he renews his request, he should submit at least three rejection letters from attorneys to show that he has made reasonable efforts to obtain counsel on his own.

## **Disposition**

The Complaint states colorable claims in Counts 1 and 2 against Latoya Hughes, Jon Loftus, and Anthony Wills. Counts 3 and 4 are **DISMISSED** without prejudice.

The Clerk shall prepare for Latoya Hughes, Jon Loftus, and Anthony Wills: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  June 26, 2024**

*s/ Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.